

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL CARTER, JR, <br> PLAINTIFF <br><br> VS. <br> YAZOO CITY, MS; <br> DIANNE DELAWARE, In her Official and Individual Capacity; <br> JEFF CURTIS, In his Official and Individual Capacity; <br> ANDRE LLOYD, In his Official and Individual Capacity; <br> RONALD SAMPSON, JR., In his Official and Individual Capacity; and <br> JOHN DOES 1-10 <br> DEFENDANTS | CASE NO.: 3:18-cv-467-DPJ-FKB <br><br><br><br><br><br><br><br> **Jury Trial Demanded** |

## COMPLAINT

To the Honorable United States District Judge:

COMES NOW Plaintiff Samuel Carter, Jr., (hereinafter "Plaintiff"), by and through his attorneys of record, and files his Complaint and demand for jury trial, for civil rights violations against Defendants Yazoo City, Mississippi, Mayor Dianne Delaware, Jeff Curtis, Andre Lloyd, Ronald Sampson, Jr., and John Does number 1-10, (hereinafter "Defendant," or collectively "Defendants") and its successors, alleges the following:

### The Parties

1. Plaintiff Samuel Carter, Jr. (hereinafter "Plaintiff" or "Plaintiff Carter") is a 48-year-old, African-American male who is an adult resident of Vaughn, Mississippi (Yazoo County). At all relevant times, Plaintiff was an "employee" per 42 U.S.C. § 2000e(f). As a person of African-American heritage, Plaintiff is a member of a class protected by Title VII. At all relevant times, Plaintiff was over 40 years of age, and therefore he was protected from age-

based employment discrimination by the ADEA. Plaintiff Carter was an employee of Defendant, prior to termination. He worked for Defendant in various positions from 2008 through 2013 and again from 2014-2018.

2. On August 15, 2015 and October 8, 2015, Plaintiff Carter filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 17, 2018, the EEOC issued him a Dismissal and Notice of Rights, a copy of which is attached as *Exhibit "A"*.

3. Defendant, City of Yazoo City, Mississippi, is a municipality in the state of Mississippi and may be served through the City Clerk, Kaneilia Williams, 128 East Jefferson Street, Yazoo City, MS  39194.

4. Defendant, Mayor Dianne Delaware, may be served with process by serving the Office of the Mayor 128 East Jefferson Street, Yazoo City, MS  39194.

5. Defendant, former Police Chief Jeff Curtis, may be served with process at 2150 Gordon Avenue, Yazoo City, MS 39194.

6. Defendant, former Assistant Police Chief and former Police Chief Andre Lloyd may be served with process by serving the Office of the Yazoo City Police Chief 305 Mike Espy Dr, Yazoo City, MS  39194 or other address as discovered.

7. Defendant, Chief Ronald Sampson, Jr., may be served with process by serving the Office of the Yazoo City Police Chief 305 Mike Espy Dr, Yazoo City, MS  39194.

8. In addition to the Defendants identified above, there are Defendants whose identities are presently unknown to Plaintiff. These unknown Defendants are identified as "John Doe" Defendants 1-10 pursuant to Federal Rules of Civil Procedure. Every allegation in the Complaint is an allegation and a filing as of this date against each "John Doe" Defendant.

These Defendants are persons whose identities are unknown at this time; however, they are believed to be employees of Defendant, City of Yazoo City, Mississippi.

## Jurisdiction and Venue

9. This action arises under 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983, 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964 as amended), pursuant to 29 U.S.C. § 621, *et seq.* (Age Discrimination in Employment Act of 1967) ("ADEA") §2000e. Accordingly, the Court has federal question jurisdiction over this matter.

10. The court has specific and general jurisdiction over each defendant.

11. The unlawful employment practices described herein were committed in the Southern District of Mississippi, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Mississippi. Venue is invoked pursuant to 28 U.S.C. § 1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## Facts and Background

12. Plaintiff began his work with the Yazoo City Police Department ("YCPD") in 2008. He worked and was promoted to Lieutenant during his initial employment, which ended with resignation for employment in a different jurisdiction in July 2013.

13. Plaintiff was rehired by the YCPD around August 5, 2014 as a Certified Patrol Officer. Due to a shortage of Lieutenant's, Plaintiff was assigned by Acting Chief (Assistant Chief Andre Lloyd), as an "Acting Lieutenant" to the nightshift. YCPD did not have a permanent Police Chief at the time.

14. Around December 23, 2014 Mayor Delaware and the Board of Alderman approved the hiring of Chief Jeff Curtis. At the time of hire Chief Curtis did not have valid law enforcement credentials but was still hired.

15. In February of 2015 Plaintiff tested for promotion, along with other members of the YCPD. Chief Jeff Curtis oversaw the testing and promotion of employees during this time and promoted five (5) younger, less experienced white officers over Plaintiff Carter; including officers hired after plaintiff. The results of the test and interview panels were never disclosed to the employees.

16. In March of 2015 Plaintiff inquired as to how one of the officers, Jay Winstead, promotion to Captain was proper. Said officer could work in the department and subsequently be promoted without proper, up to date, law enforcement certifications. Later, the department stated that said officer was using certification from a volunteer dive team member for the Sheriff's Department.

17. At the time of Chief Curtis listed open testing and promotions the YCPD was 95% Black.

18. After testing and promotion, YCPD was still 95% Black but all five (5) promotions were provided to all white officers who were younger, less tenured (excepting Detective Vancleave), and at least one uncertified white officer in the following order: Jay Winstead, Captain (hired January 2015) [law enforcement certification was invalid; had lapsed and was not disclosed to Mayor or Board of Alderman]; James Shiers, Lieutenant (hired October 2015); Christopher Gaught, Lieutenant (hired January 2015); George Tindle, Detective (hired January 2015); and Sharon Vancleave, Detective (hired November 2013).

19. The test used was designed, employed and graded by Chief Curtis. Further the interview panels instituted by Chief Curtis had varying numbers of members, and questions provided by the Chief; which provided a method for predetermination of the promotion outcome.

20. The promotion method employed was systematic as the officers promoted were all white and most, if not all, were hired by Chief Curtis. In fact, the test results nor interview results were never posted for members of the YCPD to view. Instead a new shift roster was posted showing the promotions of the above-named individuals.

21. And all the above name individuals did not test or interview; without transparency in the process there is no way to determine that said promotions were free from racial bias. In fact, with 100% promotion of the newly hired white officers, some not even testing, there is a decided racial and age discrimination present in the testing and promotion process.

22. Initially Plaintiff raised his concerns about the testing and promotion process internally to Assistant Chief Lloyd and Chief Curtis. Neither provided answers. Plaintiff questioned the test, the interview panel process (specifically, why his panel had 2 members when all others had 3, and how the missing panel member was calculated into his score, because with a third-panel member he would have had the highest overall score because he was tied with Jay Winstead). Plaintiff then spoke with members of the Board of Alderman about his concerns and no answers were provided.

23. On August 17, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity ("EEOC") Commission alleging age and racial discrimination.

24. Once the complaint was forward from the EEOC to the YCPD, Chief Curtis immediately reassigned plaintiff to the dayshift (6am-6pm) in the highest volume area of the city (Beat 3).

25. Plaintiff worked Beat 3 and was not allowed to rotate as his fellow officers were. Again, he took his concern up the chain of command and was still not allowed to rotate. Dispatch logs will show the amount of activity in each beat and the rotations of YCPD officers.

26. Further while other officers in the YCPD rotated beats, Plaintiff was kept on the highest volume beat with no relief.

27. On October 8, 2015 Plaintiff filed an amended complaint with the EEOC on the charge of retaliation.

28. From August 15, 2015 through termination Plaintiff was written up constantly for all manner of incident. Further, written unsigned reprimands, issued by Chief Jessie Fry, Chief Curtis, Chief Lloyd and Chief Sampson were issued to Plaintiff. They were placed in the personnel file but never presented to Plaintiff for acknowledgment, corrective action, signature or any other form of direct communication. As a result, papering his personnel file with negative professional demerits. Said unsigned write-ups span backward into Plaintiff's previous employment with the YCPD, as far back as 2012.

29. Said writeups were used as a discriminatory action to block promotion, retaliate for questioning authority and as the ultimate cumulative pretext for termination of Plaintiff on June 25, 2018.

30. Plaintiff Carter has suffered an adverse employment action and a sustained campaign of petty harassment. Plaintiff Carter has experienced retaliatory conduct which was intended to chill his right under the First Amendment to ask questions freely and an expectation to Due Process under the Fourteenth Amendment. Further, Plaintiff has a right against retaliation for seeking EEOC intervention. Plaintiff was expected to and did perform the

demanding rigors of his job as police officers amid the toxic racial environment caused by the City, and unaddressed by the leadership of the YCPD, Mayor and Board of Alderman.

## COUNT I
## Race and Age Discrimination

31. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty (30) as though fully alleged in Count I.

32. Title VII of the Civil Rights Act of 1964 (as amended) is a federal law that prohibits employers from discriminating against employees on the basis of sex, race, color, national origin, and religion.

33. One purpose of the ADEA is to ensure candidates are evaluated on their merits and not their age. To assume that an employee is uncommitted to an employment position because his or her age makes him or her retirement-eligible is the very type of age-stereotyping that the ADEA prohibits.

34. Plaintiff Carter was discriminated against by virtue of his race and age.

35. A plaintiff may prove intentional discrimination using either direct or circumstantial evidence. Evidence is "direct" if it establishes a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employer's decision.

36. If the plaintiff lacks direct evidence that clearly points to the presence of an illegal motive, he or she must create the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis.

37. Regarding the *McDonnell Douglas* analysis, an employer's past discriminatory policy and practices may show that its proffered reasons for disparate treatment are pretextual are may thus be admissible.

38. Because of his propensity to ask questions about promotions, Chiefs' Curtis and then Lloyd subjected the plaintiff to a hostile work environment, which included discouragement, harassment, coarse language, threats of demotion, involuntary transfers, relief of duty, unsigned write-ups and suspensions and ultimately termination by Chief Sampson.

39. Plaintiff was denied benefits, promotions, preferred positions and desired transfers that were given to white employees, and Plaintiff, was subjected to disparate treatment on account of his race and age. This disparate treatment was in violation of Title VII of the Civil Rights Act of 1964 (as amended).

40. Plaintiff was also disciplined in manner more harshly than similarly situated white employees who committed comparable infractions to those of Plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended). These actions were taken against him while other within YCPD with similar or same issues have been ignored or not addressed. Plaintiff believes others have not been equally disciplined and their issues have not been addressed because of their race, age and relationships.

41. Defendant Yazoo City, Mississippi and Defendant Delaware have engaged in intentional discrimination and acted with malice or reckless indifference to the federally protected rights of Plaintiff. Defendants, including John Does 1-10, have discriminated against Plaintiff, in the face of perceived risk that its actions would violate federal law.

42. The deprivation of Plaintiffs' constitutional rights which was committed by Yazoo City and its agents was unnecessary, unreasonable and willfully malicious. Therefore, Defendant

Yazoo City, Mississippi is liable in damages to Plaintiff, pursuant to 42 U.S.C. § 1983, including compensatory damages, actual damages, punitive damages, costs and attorney's fees.

## COUNT TWO
### 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended CLAIMS
### Retaliation

43. Plaintiff re-alleges all prior paragraphs of the Complaint, as if set out herein in full.

44. Plaintiff engaged in activity protected under Title VII and 42 U.S.C. §1981, §1983. Defendant and agents and employees of Defendant retaliated against Plaintiff after he made reports of discrimination internally to Chiefs' Curtis, Lloyd and the Yazoo City Board of Alderman members in August of 2015. Plaintiff was retaliated against by unjustly subjecting him to unwarranted and contrived scrutiny, exclusions, demotions and ultimately pretextual termination carried out by Chief Sampson at the direction of Mayor Delaware and the Yazoo City Board of Alderman (which now includes former Chief Lloyd as an elected Alderman; further entrenching the hostility, retaliation and discriminatory acts).

45. Defendants had no legitimate reason for any such acts. Defendant's actions demonstrate a direct and causal connection between Plaintiff, invoking his constitutional rights and the resulting termination by his employer.

46. Such unlawful practices violate 42 U.S.C. Section 2000e-3 and Title VII, and 42 U.S.C. §1981.

## COUNT III
### Constitutional Violations Under 42 U.S.C. §1983

47. Plaintiff re-alleges all prior paragraphs Of the Complaint as if set out herein in full.

48. Plaintiff was subjected to adverse and hostile employment conditions at YCPD due to the actions of Defendants and agents and employees thereof.

49. Defendants unreasonably terminated Plaintiff from his position for unlawful reasons and motivations.

50. The actions of Defendants violate 42 U.S.C. Section 1983 in violation of Plaintiffs rights secured and guaranteed to him by the First and Fourteenth Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

51. By Defendants' actions, its shows a direct and casual connection between Plaintiff invoking his constitutional rights and the resulting retaliation, threat, and menace by his employer. Such unlawful employment practices violate 42 U.S.C. Section 1983, Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

## JURY DEMAND

52. Samuel Carter, Jr. demands a trial by jury.

## PRAYER FOR RELIEF

53. Wherefore, Plaintiff prays that the Court grant him the following relief:

   A. Upon a jury trial, for the court to adjudge and declare that the practices of Defendant complained herein and the conduct of Defendant, their Mayor, and Police Chiefs, other personnel are in violation of the rights of Mr. Carter under 42 U.S.C. § 1981, § 1983 and Title VII;

   B. Judgment be entered with the requirements of federal employment discrimination laws including but not limited to back pay, reinstatement or front pay in lieu of reinstatement,

loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

C. Compensatory damages for pain and mental suffering, emotional distress, shame, intimidation, humiliation, indignation, embarrassment and fear in the past and future;

D. Punitive damages;

E. Attorneys' fees;

F. Pre-judgment interest at the highest rate permitted by law;

G. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

H. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

I. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted, this 17th day of July 2018.

SAMUEL CARTER, JR., PLAINTIFF

BY: _____

Charles Irvin, MSB#99607
**Irvin Law, PLLC**
Post Office Box 13154
Jackson, MS 39236
P: 601.589.0235
F: 1.877.288.2123
E: cbirvin@irvin-law.com

*Attorney-in-Charge for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, I filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following: and I hereby certify that I have hand delivered via process server, the *Complaint*, to the following non-ECF participants:

A. Defendant, *City of Yazoo City*, Mississippi, is a municipality in the state of Mississippi and may be served through the City Clerk, Kaneilia Williams, 128 East Jefferson Street, Yazoo City, MS 39194.

B. Defendant, *Mayor Dianne Delaware*, may be served with process by serving the Office of the Mayor 128 East Jefferson Street, Yazoo City, MS 39194.

C. Defendant, *Chief Jeff Curtis*, may be served with process at 2150 Gordon Avenue, Yazoo City, MS 39194.

D. Defendant, *Chief Andre Lloyd*, may be served with process by serving the Office of the Yazoo City Police Chief 305 Mike Espy Dr, Yazoo City, MS 39194 or other address as discovered.

E. Defendant, *Chief Ronald Sampson, Jr.*, may be served with process by serving the Office of the Yazoo City Police Chief 305 Mike Espy Dr, Yazoo City, MS 39194.

BY: _____
Charles Irvin, MSB#99607
**Irvin Law, PLLC**
Post Office Box 13154
Jackson, MS 39236
P: 601.589.0235
F: 1.877.288.2123
E: cbirvin@irvin-law.com

*Attorney-in-Charge for Plaintiff*